UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. _____

KIMBERLY POLENDO,

    Plaintiff,

v.

WAL-MART STORES, INC., AND KEURIG GREEN MOUNTAIN, INC.,

    Defendants.

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF COLORADO, AND TO PLAINTIFF KIMBERLY POLENDO, DEFENDANT WAL-MART STORES, INC. AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendant Keurig Green Mountain, Inc. hereby removes this action from the Colorado State District Court, in El Paso County, Case No. 2021-CV-30169, to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§1332 and 1441, et seq. Removal is proper for the following reasons:

    1.    On February 1, 2021, Plaintiff Kimberly Polendo ("Plaintiff") filed a civil action entitled Kimberly Polendo v. Wal-Mart Stores, Inc., and Keurig Green Mountain, Inc., Case No. 2021-CV-30169 in the District Court, County of El Paso, State of Colorado ("State Court Action"). See *Complaint* at **Ex. A**. Keurig Green Mountain, Inc. ("Keurig") was served with the State Court Action Summons and the Complaint on February 24, 2021. See *Affidavit of Service* at **Ex. B**.

    2.    Attached please find the following items (provided here pursuant to 28 U.S.C. § 1446(a)):

       **Ex. A** – Plaintiff's Complaint

       **Ex. B** – Affidavit of Service

       **Ex. C** – Civil Case Cover Sheet

       **Ex. D** – Wal-Mart Stores, Inc. Colorado Secretary of State records

       **Ex. E –** Defendant Keurig Green Mountain, Inc.'s Motion for Extension of Time To File a Responsive Pleading To Plaintiff's Complaint with Proposed Order

       **Ex. F –** Order Granting Defendant Keurig Green Mountain Inc.'s Motion for Extension of Time

       **Ex. G –** Defendant Wal-Mart Stores, Inc.'s Answer and Jury Demand

       **Ex. H –** Defendant Keurig Green Mountain, Inc.'s Answer to Plaintiff's Complaint

The above items are true and correct copies and represent all processes, pleadings, orders, and records served upon Defendant Keurig and/or filed in the State Court Action.

3.     A notice to Adverse Party of Removal to Federal Court is being filed concurrently in the State Court Action and served concurrently on Plaintiff and Defendant Wal-Mart Stores, Inc.

## **REMOVAL JURISDICTION**

4.     This is a civil action between citizens of different states. The matter in controversy exceeds Seventy-Five-Thousand-Dollars ($75,000.00), exclusive of interest and costs. As such, this Court has original jurisdiction under 28 U.S.C. §1332 and the State Court Action is an action that may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b).

## **CITIZENSHIP**

5.     Keurig is now, and was at the time the State Court Action was filed, a Delaware

corporation with a principal place of business and corporate headquarters located in Burlington, Massachusetts and Plano, Texas.

6. Wal-Mart Stores, Inc. ("Wal-Mart")[1] is now and was at the time the State Court Action was filed, a Delaware corporation with its principal office street address at 702 SW 8th St., Bentonville, AR 72716. **Ex. D.**

7. According to Paragraph 1 of the Complaint, Plaintiff resides in Colorado Springs, El Paso County, Colorado. **Ex. A** at ¶ 1.

8. Plaintiff has not sued any other defendants, named or fictitiously named.

## AMOUNT IN CONTROVERSY

9. This action is being removed to Federal Court because it is a civil action between citizens of different states and, pursuant to Plaintiff's Civil Case Cover Sheet, the matter in controversy exceeds the sum of $75,000. See **Ex. C** at Sec. 2; see also *Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) ("There is no ambiguity in the [Civil Case] cover sheet.").

10. Plaintiff alleges she had been damaged and, while Plaintiff fails to specifically identify the amount of damages within the allegations of her Complaint, she has indicated in her Civil Case Cover Sheet that this case is not governed by C.R.C.P. 16.1 because a monetary judgment for more than $100,000 is sought. **Ex. C** at Sec. 2.

11. Since it is facially apparent from Plaintiff's Complaint and Civil Case Cover Sheet (**Ex. C**) that she is seeking damages in an amount in excess of $75,000 for violations of Colorado's Premises Liability Statute pursuant to C.R.S. §13-21-115 and negligence, it is clear

---

[1] Effective February 1, 2018, Wal-Mart Stores, Inc.'s true name was changed to Walmart, Inc. *See* Statement of Change Changing the True Name contained in **Ex. D.**

by a preponderance of the evidence that the amount in controversy in this action exceeds the $75,000 threshold.

## TIMELINESS OF REMOVAL

12.     A notice of removal must be filed within 30 days after receipt by the defendant of the initial pleading setting forth the claim for relief upon which the action is based.  (28 U.S.C. §1446(b).)  The thirty (30) day period for removal does not begin to run until the defendant has received a copy of the complaint and has been properly served.  (*Murphy Brothers, Inc. and Michetti Pipe Stringing, Inc*. (1999) 526 U.S. 344, 347-348.)

13.     Keurig was served the Summons and Complaint on February 24, 2021 (**Ex. B**) and, therefore, the thirty (30) day period for removal expires on March 26, 2021.

14.     This Notice of Removal is timely filed under 28 U.S.C. §1446(b) because it is filed within one year of commencement of the action and within thirty days of the date Keurig was served with the Summons and Complaint.

15.     Counsel for Keurig has conferred via telephone counsel of record for Wal-Mart. Wal-Mart consents to removal.

WHEREFORE, Keurig prays this action be removed to the United States District Court in Colorado, from the District Court, County of El Paso, State of Colorado.

RESPECTFULLY submitted on this 26th day of March 2021.

WOOD, SMITH, HENNING & BERMAN LLP

*/s/ Ryan M. Hicks*
Ryan M. Hicks
1805 Shea Center Drive, Suite 200
Highlands Ranch, CO 80129-2254
(720) 479-2500 / fax: (303) 471-1855
rhicks@wshblaw.com
*Counsel for Keurig Green Mountain, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2021, a true and correct copy of the **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)** was e-filed and/or e-served via CM/ECF on the following parties:

| | |
|---|---|
| Douglas P. Price, #13559<br>Heuser & Heuser. LLP<br>625 N. Cascade Avenue, Suite 300<br>Colorado Springs, CO  80903<br>719-520-9909<br>fax 719-475-1278<br><br>doug@heuserlaw.com<br><br>*Attorney for the Plaintiff* | Kathleen J. Johnson, #44524<br>Rachelle J. Veikune, #51810<br>TREEN ALFREY MUSCAT, P.C.<br>633 17th Street, Suite 2200<br>Denver, CO 80202<br>303-292-2700<br><br>kjohnson@tamlegal.com<br>rveikune@tamlegal.com<br><br>*Attorneys for Defendant Walmart Stores, Inc.* |

/s/*Joyce K. Harris*
Joyce K. Harris